UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA A. DRISCOLL,<br><br>　　　　　Plaintiff<br><br>v.<br><br>55 COOPER STREET OPERATIONS LLC<br>D/B/A HERITAGE HALL NORTH, GENESIS<br>HEALTHCARE, LLC and LEO CHERNY,<br><br>　　　　　Defendants | CIVIL ACTION NO. |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Laura A. Driscoll (hereinafter referred to as "Plaintiff"), is a natural person with a residential address of 10 Judith Street, Holyoke, Hampden County, Massachusetts.

2. The Defendants, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC (hereinafter collectively referred to as "Defendant Company" or collectively as "Defendants"), is a corporation that operates a business located at 55 Cooper Street, Agawam, Hampden County, Massachusetts.

3. The Defendant, Leo Cherny (hereinafter referred to as "Defendant Cherny" or collectively as "Defendants"), is a natural person with a last known business address of 55 Cooper Street, Agawam, Hampden County, Massachusetts.

**Jurisdiction**

4. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. There are federal questions of law and the amount in controversy is in excess of $75,000.00. The Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended. This Court has supplemental jurisdiction over the state law claims brought under M.G.L. c. 151B pursuant to 28 U.S.C. § 1367.

**Facts**

5. The Plaintiff began her employment with the Defendant Company in or about November of 2012 as a Certified Nurse's Assistant. The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant Company.

6. In or about July of 2013, the Defendant Cherny was hired at the Defendant Company and, upon the Defendant Cherny's hire he began to sexually harass the Plaintiff. The Defendant Cherny made several inappropriate comments about the Plaintiff's body. For example, the Defendant Cherny made comments such as that the Plaintiff's breasts were large and that she had a nice butt. Shortly thereafter, the Defendant Cherny began to talk to the Plaintiff about his sex life and how promiscuous he had been in his sex life. The Plaintiff never partook in said conversations as she would either walk away or remind the Defendant Cherny to do his job.

7. Over the course of the next few months, the Defendant Cherny's behavior escalated. The Defendant Cherny's comments about the Plaintiff's body became more frequent and he also began to ask the Plaintiff about her own personal sex life. On one occasion, the Defendant Cherny asked the Plaintiff whether or not she performed oral sex on her boyfriend and, if so, whether or not she was any good at it. The Defendant Cherny also

asked the Plaintiff which positions she had experienced sexually and whether or not she had ever had a sexual encounter with a Russian man.

8. As the sexual harassment from the Defendant Cherny became more frequent and detailed in context, the Plaintiff reported his sexual comments to her co-worker and friend, Pam Baker. The Plaintiff was unaware of how to handle the situation and was afraid that if she went to Administration or the Director of Nursing that she might be retaliated against because the Defendant Cherny was an asset to the Defendant Company in that he was a male and he picked up extra shifts.

9. During one of the Plaintiff's days off from the Defendant Company, she received a voice message from Ms. Baker stating that she had met with a member of Administration of the Defendant Company and informed them of the comments that had been made to the Plaintiff by the Defendant Cherny.

10. Upon the Plaintiff's return to work, she was pulled into the administration office and had a meeting with the Defendant Company's Administrator, Michelle (last name unknown), Director of Nursing, Cheryl Kowalski, and another woman (name unknown) whom the Plaintiff believed was the head of the Defendant Company's human resource department. In this meeting they asked the Plaintiff about the comments the Defendant Cherny had made to her and the Plaintiff informed them that all the comments were true. The Plaintiff eventually filled out a report.

11. A few days later, after the Plaintiff had clocked in for her shift, she met with Ms. Kowalski again who informed her that she had spoken to the Defendant Cherny and that the Plaintiff was going to be working a shift with him but that everything would be "fine."

12. The Plaintiff worked a night shift with the Defendant Cherny but nothing had changed after both Ms. Baker and the Plaintiff had reported the Defendant Cherny's sexually harassing comments and behavior to management of the Defendant Company. The Defendant Cherny began to sexually harass the Plaintiff during the night shift. The Defendant Cherny asked the Plaintiff if she would have sex with him at work and stated that if she did her boyfriend would not find out. The Defendant Cherny asked the Plaintiff if he could kiss her and/or grab her breasts on numerous occasions. The Plaintiff continued to inform Ms. Baker of the comments that were made to her because she did not feel comfortable going to management of the Defendant Company, as she had already reported the behavior and comments to management once before and nothing had changed. The Plaintiff feared that if she reported the behavior again, it would have the same outcome.

13. The Defendant Cherny's sexually harassing behavior continued nearly every shift that the Plaintiff worked with him thereafter.

14. On one occasion, in or about August of 2014, the Plaintiff was assisting a resident in the bathroom when the Defendant Cherny approached the Plaintiff asking to speak with her. The Plaintiff stepped out of the resident's bathroom to speak with the Defendant Cherny and he apologized to her for his earlier actions and told the Plaintiff that everything would be "okay." The Defendant Cherny then reached forward with both of his hands and grabbed both of the Plaintiff's breasts at the same time.

15. The Plaintiff immediately went to Kelli Northrup, a nurse at the Defendant Company, to report the incident. Ms. Northrup took the Plaintiff to the night-shift supervisor, Peggy

(last name unknown) and the Plaintiff informed Peggy of the incident that had taken place in the resident's room and wrote a statement.

16. As the Plaintiff was walking in for her next scheduled shift, she saw the Defendant Cherny in the doorway and, as soon as she saw him, she began to emotionally and physically breakdown. The Plaintiff was dismissed from work that day and went to the Police Department in Agawam, Massachusetts to file a police report, which was handled by one of the detectives within the Department.

17. In or about the end of August of 2014, the Plaintiff was informed that the Defendant Cherny was being investigated. After a few days, the Defendant Company's Administrator, Michelle (last name unknown), called the Plaintiff and told her that the Defendant Cherny was no longer employed by the Defendant Company.

18. Thereafter, management of the Defendant Company began to micromanage and harass the Plaintiff.

19. On or about February 17, 2015, the Plaintiff's employment with the Defendant Company was terminated for false reasons.

20. The Plaintiff has satisfied the prerequisites to filing suit.

### Count I
**(Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") - Sexual Harassment)**
**Plaintiff v. Defendant Company**

21. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

22. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Cherny, an employee of the Defendant Company.

23. The Plaintiff was terminated from her employment, at least in part, based upon her

reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

24. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

25. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to Title VII.

### Count II
### (Title VII - Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

26. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

27. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant Cherny, an employee of the Defendant Company.

28. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

29. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

30. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and

harassing conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to Title VII.

### Count III
**(Title VII - Retaliation)**
**Plaintiff v. Defendant Company**

31. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment. The Plaintiff was retaliated against by management of the Defendant Company based upon her sex/gender and for having reported said sexual harassment.

33. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

34. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

35. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to Title VII.

### Count IV
### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Company

36. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

37. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Cherny, an employee of the Defendant Company.

38. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

39. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

40. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to M.G.L. c. 151B.

### Count V
### (M.G.L. c. 151B - Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

41. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant Cherny, an employee of the Defendant Company.

43. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

44. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

45. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to M.G.L. c. 151B.

### Count VI
### (M.G.L. c. 151B - Retaliation)
### Plaintiff v. Defendant Company

46. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

47. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment. The Plaintiff was retaliated against by management of the Defendant Company based upon her sex/gender and for having reported said sexual harassment.

48. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

49. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

50. The Plaintiff was severely and adversely affected by the Defendants' conduct and the

failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, 55 Cooper Street Operations LLC d/b/a Heritage Hall North and Genesis HealthCare, LLC, and for all damages available pursuant to M.G.L. c. 151B.

### Count VII
**(M.G.L. c. 151B - Sexual Harassment)**
**Plaintiff v. Defendant Cherny**

51. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

52. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendant Cherny.

53. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

54. The Plaintiff was severely and adversely affected by the conduct of the Defendant Cherny and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, Leo Cherny, and for all damages available pursuant to M.G.L. c. 151B.

### Count VIII
**(M.G.L. c. 151B - Retaliation)**
**Plaintiff v. Defendant Cherny**

55. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

56. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting of sexual harassment and discrimination.

57. This environment and the conditions imposed upon the Plaintiff related to and adversely

affected the terms and conditions of her employment.

58. The Plaintiff was severely and adversely affected by the conduct of the Defendant Cherny and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Laura A. Driscoll, respectfully requests judgment against the Defendant, Leo Cherny and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiff
LAURA A. DRISCOLL
By Her Attorney

/s/ Michael O. Shea                             Dated:  August 12, 2015
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com