UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA A. DRISCOLL,      ) <br>         ) <br>      PLAINTIFF,     ) <br>         ) <br>      v.           ) <br>         ) <br> 55 COOPER STREET OPERATIONS LLC ) <br> D/B/A HERITAGE HALL NORTH,    ) <br> GENESIS HEALTHCARE, LLC AND   ) <br> LEO CHERNY,         ) <br>         ) <br>      DEFENDANTS.    ) <br>         ) | CIVIL ACTION NO. 3:15-cv-30144-MGM |

## 55 COOPER STREET OPERATIONS LLC D/B/A HERITAGE HALL NORTH AND GENESIS HEALTHCARE LLC'S ANSWER TO COMPLAINT AND JURY DEMAND

For their answers and defenses to plaintiff's Complaint and Jury Demand, defendants 55 Cooper Street Operations LLC D/B/A Heritage Hall North and Genesis Healthcare LLC[1] ("Defendants" or "Heritage Hall") respond as set forth herein.[2]  Responses to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendants may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendants respond to the allegations set forth in the separately numbered paragraphs of the Complaint as follows.

**Parties**

    1.       Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 1 and therefore deny them.

    2.       Defendants deny the allegations in Paragraph 2.

---

[1] Plaintiff erroneously named Genesis Healthcare, LLC as a party in the Complaint.  Genesis Healthcare, LLC did not employ Plaintiff.

[2] The undersigned counsel do not represent defendant Leo Cherny, and do not submit any response to the Complaint on his behalf.

3.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 3 and therefore deny them.

**Jurisdiction**

4.      Paragraph 4 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 4.

**Facts**

5.      Admitted.

6.      Defendants deny the allegations in the first sentence of Paragraph 6.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 6 and therefore deny them.  Insofar as Paragraph 6 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 6.

7.      Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 7 and therefore deny them..

8.      Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8 and therefore deny them.  Insofar as Paragraph 8 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 8.

9.      Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 and therefore deny them.

10.      Regarding the first sentence of Paragraph 10, Defendants admit only that Plaintiff met with Heritage Hall's Administrator, Michelle Garrity, and the Director of Nursing, Cheryl Kowalski.  Regarding the second sentence in Paragraph 10, Defendants admit only that Ms. Garrity, Ms. Kowalski and Plaintiff discussed Defendant Cherny and Plaintiff's complaints about

him, and deny Plaintiff's characterization of the discussion during the meeting.   Defendants admit the allegations in the third sentence of Paragraph 10.

11.     Defendants admit that Ms. Kowalski met with Plaintiff.   Defendants deny Plaintiff's characterization of the discussion during the meeting and deny the remaining allegations in Paragraph 11.

12.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 and therefore deny them.   Insofar as Paragraph 12 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 12.

13.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 and therefore deny them.   Insofar as Paragraph 13 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 13.

14.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 14 and therefore deny them.

15.     Defendants admit that Plaintiff spoke to Kelli Northrup, a nurse at Heritage Hall and reported an incident involving Defendant Cherny.   Defendants admit that Ms. Northrup and Plaintiff went to see the night shift supervisor, Peggy, that Plaintiff told Peggy about an incident with Defendant Cherny that had taken place in a resident's room, and that Plaintiff wrote a statement, and deny the remaining allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 and therefore deny them.   Further answering, Defendants state that Plaintiff reported to management that she had seen Defendant

Cherny and management allowed her to leave work for the day.  Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants deny the allegations in the first sentence of Paragraph 17.  Further answering Defendants state that in June 2014, Heritage Hall informed Plaintiff that it was conducting an investigation into a complaint that she made regarding Mr. Cherny.  Defendants deny the allegations in the second sentence of Paragraph 17.  Further answering Defendants state that in July 2014, Michelle Garrity informed Plaintiff that Defendant Cherny was no longer employed by the company.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants admit only that Heritage Hall terminated Plaintiff's employment on February 17, 2015 and deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendants deny the allegations of Paragraph 20.

## Count I
### (Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") – Sexual Harassment
### Plaintiff v. Defendant Company

21.     Defendants incorporate their responses to Paragraphs 1-20 of the Complaint herein.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 25 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

## Count II
### (Title VII – Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

26.     Defendants incorporate their responses to Paragraphs 1-25 of the Complaint herein.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 30 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

## Count III
### (Title VII – Retaliation)
### Plaintiff v. Defendant Company

31.     Defendants incorporate their responses to Paragraphs 1-30 of the Complaint herein.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 35 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

## Count IV
### (M.G.L. c. 151B – Sexual Harassment)
### Plaintiff v. Defendant Company

36.     Defendants incorporate their responses to Paragraphs 1-35 of the Complaint herein.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 40 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

## Count V
### (M.G.L. c. 151B – Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

41.     Defendants incorporate their responses to Paragraphs 1-40 of the Complaint herein.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 45 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

**Count VI**
**(M.G.L. c. 151B – Retaliation)**
**Plaintiff v. Defendant Company**

46.     Defendants incorporate their responses to Paragraphs 1-45 of the Complaint herein.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 50 is not susceptible to a response.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

51.     The allegations set forth in Paragraph 51 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.      The allegations set forth in Paragraph 52 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.      The allegations set forth in Paragraph 53 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.      The allegations set forth in Paragraph 54 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 54.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 54 is not susceptible to a response and is not addressed to Defendants, therefore Defendants do not respond to the clause.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

55.     The allegations set forth in Paragraph 55 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     The allegations set forth in Paragraph 56 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     The allegations set forth in Paragraph 57 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     The allegations set forth in Paragraph 58 of the Complaint are not addressed to Defendants and, therefore, Defendants do not respond to those allegations.  To the extent a response is required, Defendants deny the allegations in Paragraph 58.

Defendants state that the unnumbered WHEREFORE clause following Paragraph 58 is not susceptible to a response and is not addressed to Defendants, therefore Defendants do not respond to the clause.  To the extent a response is required, Defendants deny the demands and allegations contained in it.

## **GENERAL DENIAL**

Defendants deny each and every allegation, premise, or theory contained in Plaintiff's Complaint and Jury Demand not specifically admitted herein to be true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Insofar as Plaintiff seeks to recover for any act or omission not timely referenced in any administrative charge or complaint, Plaintiff may not recover any relief for such alleged act or omission.

### THIRD DEFENSE

Plaintiff cannot prevail because Defendants' actions were based on legitimate, non-discriminatory, non-retaliatory reasons.

### FOURTH DEFENSE

To the extent Plaintiff failed to comply with the administrative prerequisites applicable to her claims, her claims are barred.

### FIFTH DEFENSE

Insofar as Plaintiff seeks to recover for alleged incidents of unlawful conduct not listed in her Charge of Discrimination filed at the Massachusetts Commission Against Discrimination, Plaintiff may not recover any relief for such incidents of alleged discrimination, harassment or retaliation.

### SIXTH DEFENSE

Defendants are not liable for any alleged unlawful harassment engaged in by Plaintiff's co-worker because Defendants neither knew, nor had reason to know, of any such alleged harassment.

## SEVENTH DEFENSE

At all times relevant to the allegations in the Complaint, Defendants exercised reasonable care to prevent and correct promptly any discriminatory, harassing and/or retaliatory behavior alleged by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exercise reasonable diligence to avoid harm.

## NINTH DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendants must be reduced by that amount.   In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendants must be barred.

## TENTH DEFENSE

Plaintiff's Complaint fails to the extent Plaintiff's claims are barred, either in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## ELEVENTH DEFENSE

Genesis Healthcare, LLC is not a proper party defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows she engaged in misconduct prior to, during, after, or in connection with her employment, that otherwise would have resulted in her discharge, if such conduct were then known to Defendants.

## THIRTEENTH DEFENSE

If any improper, illegal, discriminatory, harassing or retaliatory actions were taken by any employee of Defendants against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendants.  Thus, such actions cannot be imputed to Defendants.

## FOURTEENTH DEFENSE

Any improper, illegal, discriminatory, harassing or retaliatory actions by any employees of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendants and, thus, cannot be attributed or imputed to Defendants.

## FIFTHTEENTH DEFENSE

Defendants have in place clear and well-disseminated policies against discrimination, harassment and retaliation, and reasonable and available procedures for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination, harassment and retaliation are barred.

## SIXTEENTH DEFENSE

Defendants are not liable for punitive damages because neither Defendants, nor any of their employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights or approved, authorized, ratified, or had actual knowledge of any such acts.

## SEVENTEENTH DEFENSE

Plaintiff has pled and filed this action in bad faith and with unclean hands and, therefore, should be barred from any recovery in this action.

## EIGHTEENTH DEFENSE

Defendants are entitled to an offset from any judgment entered in this case, by any sums paid by Defendant Cherny to Plaintiff.

## NINETEENTH DEFENSE

Defendants hereby give notice that they intend to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserve the right to amend this Answer and assert such defenses.

Respectfully submitted,

55 COOPER STREET OPERATIONS LLC D/B/A HERITAGE HALL NORTH,

By their attorneys,

/s/ Ilisa S. Clark
Ilisa S. Clark (BBO #558672)
Littler Mendelson, P.C.
One International Place, Suite 2700
Boston, MA  02110
617-378-6000 main
617-507-5661 fax
isclark@littler.com

Dated:  January 4, 2016

## <u>CERTIFICATE OF SERVICE</u>

I, Ilisa S. Clark, hereby certify that on this 4th day of January, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to those registered participants and via first class mail to those identified as non-registered participants.

/s/ Ilisa S. Clark
Ilisa S. Clark